UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

RANDALL ROMERO                                    CIVIL ACTION NO.:

VERSUS                                            JUDGE:

THE CITY OF JENNINGS;                             MAGISTRATE,
DANNY SEMMES, individually and in his
capacity as a chief of police of the Jennings
Police Department;
BRIAN CORMIER, individually and in his capacity
as a duly commissioned law enforcement officer
of the JenningsPolice Department; and
ABC INSURANCE COMPANY                             JURY TRIAL DEMANDED

/////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**COMPLAINT FOR DAMAGES**

/////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////////

**NOW INTO COURT**, through undersigned counsel, comes the Plaintiff, RANDALL

ROMERO, a person of the full age of majority and domiciled in Jefferson Davis Parish, State of

Louisiana, who respectfully represents the following:

1:

Made defendants herein are the following:

a) THE CITY OF JENNINGS, a political subdivision of the State of Louisiana and the public employer of Defendants Danny Semmes and Brian Cormier, which can be served through its Mayor, Henry Guinn, at 154 N. Main, Jennings, Louisiana.

b) DANNY SEMMES, individually and in his capacity as Chief of Police of the Jennings Police Department, being a person of full age of majority, who can be served at 110 N. Broadway, Jennings, Louisiana.

c) BRIAN CORMIER, individually and in his capacity as a Police Officer for the Jennings Police Department, who can be served at 110 N. Broadway, Jennings, Louisiana

d) ABC INSURANCE COMPANY, an insurance company authorized to do, and doing business in the State of Louisiana, providing general liability coverage for

DEFENDANT, for all Defendants named herein for any and all acts and damages occurring from the incidents giving rise to this complaint.

2.

All defendants acted under the color of state law at all times relevant to this Complaint.

**JURISDICTION**

3.

Jurisdiction is founded on 28 U.S.C. § 1331. The plaintiff further invokes jurisdiction of this Honorable Court, under 28 U.S.C. § 1367 to adjudicate claims arising under the Laws of the State of Louisiana, including but not limited to Article 2315, et seq, of the Louisiana Civil Code.

**VENUE**

4.

Venue lies in this Court under 28 U.S.C. § 1391 (b) (2), as the events giving rise to this claim occurred within this judicial district.

**FACTUAL ALLEGATIONS**

5.

On or about November 25, 2022, and upon information and belief, Defendant BRIAN CORMIER (hereinafter "CORMIER") working as a uniformed officer with the Jennings Police Department, observed a 2006 GMC Yukon operated by Plaintiff and heading south on Highway 26.

6.

As CORMIER determined that Plaintiff's vehicle did not have the correct license plate, CORMIER conducted a traffic stop.

7.

Upon stopping Plaintiff and making physical contact with Plaintiff, CORMIER ordered Plaintiff to turn around and place his hand behind his back when CORMIER placed Plaintiff in handcuffs.

8.

As CORMIER advised Plaintiff that he was under arrest and started escorting Plaintiff to the squad car, Plaintiff and CORMIER began arguing when CORMIER violently grabbed and slammed Plaintiff to the ground, causing Plaintiff 's head to strike the asphalt.

9.

As Plaintiff lay on the ground unresponsive to CORMIER's questions, an ambulance was called to render aid to Plaintiff.

10.

Plaintiff was quickly transported to the Jennings American Legion Hospital for his injuries.

## CAUSES OF ACTION

### Count I: Violation of 42: U.S.C. 1983: Use of Excessive Force In Violation of Fourth and Fourteenth Amendment Rights (Defendant Brian Cormier)

11.

The allegations of paragraphs 1 through 10 are incorporated herein by reference.

12

As described above, the actions of CORMIER in using excessive force against Plaintiff were performed under the color of state law and violated Plaintiff's rights guaranteed under the Fourteenth Amendment to the United States Constitution.

13.

The actions of excessive force against Plaintiff were the direct and proximate cause of severe and ongoing physical and psychological injuries to Plaintiff.

14.

The conduct of CORMIER was willful and exhibited a flagrant disregard for Plaintiff's federally secured due process rights.

15.

CORMIER violated the Fourth and Fourteenth Amendments to the Constitution of the United States and the plaintiff's right to be free from unreasonable searches and seizures and utilize unnecessary and excessive force.

16.

The elements necessary to support an excessive force claim are that the petitioner suffered significant injury and that the injury resulted from the use of force that was excessive to the need and excessive to that which was objectively reasonable under the circumstances.

17.

CORMIER failed to adequately protect the interests of Plaintiff, causing both physical and mental injuries.

18.

CORMIER failed to use adequate restraint in providing sufficient warnings to Plaintiff as Plaintiff was not acting erratically, nor was he acting in a violent or threatening manner where a reasonable person may have feared for his/her safety.

19.

As a result of the actions and/or inactions of CORMIER as alleged herein, Plaintiff has suffered damages including (1) loss of liberty and freedom; (2) mental and emotional injury; (3) physical injury, pain, and suffering; and (4) any other special and general damages and expenses, in an amount to be proven at trial.

### Count II: Violation of 42: U.S.C. 1983: *Monell* Claims
### JENNINGS POLICE DEPARTMENT  POLICIES, CUSTOMS, AND PRACTICES, OFFICER EMPLOYMENT, TRAINING, SUPERVISION AND EMPLOYMENT
### (Defendants Chief Danny Semmes and the City of Jennings)

20.

The allegations of paragraphs 1 through 19 are incorporated herein by reference.

21

The City of Jennings (hereinafter the "CITY") utilizes and employs its own police department (hereinafter "JPD").

22.

The CITY has ultimate authority, responsibility, and control of and for the oversight of the JPD. As such, the CITY is responsible for all local policies and procedures employed by JPD and its employees. This includes the proper hiring, training, and supervision of all JPD officers acting under their authority and the color of state law.

23.

Defendant Chief Danny Semmes (hereinafter the "CHIEF") was the Chief of Police for JPD at the time of the incident, thereby making him the primary policymaker for JPD and its officers.

24.

In his official capacity, the CHIEF was also responsible for adopting, implementing, and enforcing department policies, customs, and practices with regard to JPD employees. This includes, but is not limited to, the following:

    a.  Hiring officers;

    b.  Screening officers;

    c.  Disciplining officers;

    d.  Reprimanding officers;

    e.  Training of officers; and

    f.  Investigating allegations of officer misconduct.

25.

The Constitutional rights of Plaintiff that were deprived were clearly established and well known to a reasonable person. The unreasonably excessive actions of CORMIER were objectively unreasonable in light of the minimal severity of the crime(s) alleged and the lack of physical resistance by Plaintiff against CORMIER. The above violations and torts were committed as a result of the policies, customs, and procedures of JPD, and upon information and belief it was the policy, custom, and practice of JPD to inadequately train and supervise their employees regarding:

    a.) Proper police procedure;

    b.) Proper force continuum;

c.) Constitutional protections and safeguards of individuals;

d.) Proper training techniques of controlled force usage and implementation; and

e.) Proper procedures for when to use excessive force under the above-described circumstance.

26.

Plaintiff suffered pain and suffering and subsequent medical and psychological issues as a result of Defendant's conduct and/or omissions.

27.

Defendants, in violation of the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States, utilized unnecessary and excessive force to restrain Plaintiff which resulted in cruel and unusual punishment and a failure to protect a citizen in their care.

28.

Under section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." "A supervisory official may be held liable ... only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury."

29.

To establish supervisor liability for constitutional violations committed by subordinate employees, the plaintiffs must show that the supervisor acted or failed to act with deliberate indifference to the violation of others' constitutional rights committed by their subordinates. Deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Porter v. Epps,* 659 F.3d at 447.

30.

The CITY and the CHIEF were not present at the time Plaintiff was injured. However, both are responsible for implementing an unconstitutional policy that was the direct and proximate cause of the Plaintiff's injury. Plaintiff maintains that the forceful takedown used by CORMIER is an approved and common technique that is attributed to other injuries to citizens who have been detained or arrested by officers of the JPD.

31.

The CITY and the CHIEF made deliberate and conscious choices to endanger the constitutional rights of the citizens of the community. See *Roberts vs., City of Shreveport*, 397 F.3d 287

32.

The CITY and the CHIEF may incur liability for failure to screen for hiring, train or supervise when they had direct knowledge of a particular officer's known propensity for the improper use of force.

33.

Section 1983 applies to municipalities like the CITY when the execution of a government policy or custom inflicts injury that the government as an entity is responsible for.

34.

An act performed pursuant to a custom that has not been formally approved by an appropriate decision-maker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law.

35.

The CITY and the CHIEF adopted a policy with the *deliberate indifference* to its known and obvious consequences and the CITY and the CHIEF were the moving forces behind the constitutional violation. See *Monell vs. Department of Social Services*, 436 U.S. 658.

36.

The CITY and the CHIEF are liable under Section 1983, where the municipal policy of hiring, supervision/discipline, and firing was deliberately indifferent to the known and obvious consequences and where the official policy is the cause of the injury.

37.

The CITY and the CHIEF acquiesced to the JPD's policies without properly supervising its officer employees' discipline.

38.

The tacit approval of the forced takedown method used by CORMIER against Plaintiff while Plaintiff was secured in handcuffs allowed CORMIER to act unreasonably without fear of repercussion.

39.

Municipal liability attaches under section 1983 when there is no oversight and where citizens' fundamental rights and obligations are harmed.

40.

The CITY and the CHIEF have liability under Section 1983 for failure to train its officers. In cases of inadequate training "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact," and that deliberate indifference was the moving force of the violation of the plaintiff's federally protected right.

41.

Upon information and belief, The CITY and the CHIEF do not train their officers on theories of de-escalation.

42.

The need for more or different training is obvious, and the inadequacies so likely to result in the violation of constitutional rights, as to amount to a municipal policy of deliberate indifference to citizens' constitutional rights.

43.

As a direct consequence of these actions and/or omissions by Defendants, Plaintiff was deprived of his constitutional rights.

44.

The constitutional rights of Plaintiff that were deprived were clearly established and well known to any reasonable person. The unreasonably excessive actions of CORMIER were objectively unreasonable in light of the minimal severity of the crime(s) and actions alleged.

45.

The above violations and torts were committed as a result of the policies, customs and procedures' of The CITY and the CHIEF, upon information and belief it was the policy, custom and practice of The CITY and the CHIEF to inadequately screen, train and supervise their employee's.

46.

The violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments and her resulting damages were directly and proximately caused by the actions and/or inactions of The CITY and the CHIEF.

47.

As a result of the foregoing policies, practices and customs of The CITY and the CHIEF, Plaintiff has suffered damages including: (1) the loss of liberty and freedom; (2) mental and emotional injury; (3) physical injury, pain and suffering; and (4) any other special and general damages and expenses, in an amount to be proven at trial.

### Count III: State Law Claims
### ((Defendants Chief Danny Semmes
### and  the City of Jennings)

48.

The allegations of paragraphs 1 through 47 are incorporated herein by reference.

49.

The court's supplemental jurisdiction is hereby invoked pursuant to Section 1367 of Title 28 USC to assert the following causes of action.

50.

The CITY and the CHIEF are responsible and liable to Plaintiff for the damages he suffered as a result of CORMIER's actions and/or inactions pursuant to Louisiana Code of Civil Procedure Articles 2315, 2316, 2317, and 2320.

51.

The excessive force and injury to Plaintiff were committed through gross acts and wanton negligence of CORMIER, for which the CITY and the CHIEF are responsible for under state law as follows:

a.) Using excessive force despite the fact that Plaintiff was not a threat to anyone at the time he was attacked by CORMIER;
b.) Failing to control the situation without using excessive force;
c.) Employing improper police procedures when unnecessarily, violently, and aggressively slamming Plaintiff to the ground, tasing Plaintiff and otherwise escalating a controllable situation.
d.) Employing improper police procedures in their decision to use excessive force;
e.) Failing to do what they should have done and see what they should have seen to avoid the harm to Plaintiff;
f.) Second Degree Battery; and
g.) False Imprisonment

52.

Specifically, the actions and/or inactions of CORMIER, for which The CITY and the CHIEF are responsible for under state law, constitute the torts of:

a.) Battery;
b.) Assault;
c.) False Imprisonment, and
d.) Intentional Infliction of Emotional Distress;

53.

The actions and/or inactions of The CITY and the CHIEF, as alleged herein, constitute the state law torts of:

        a.)    Intentional infliction of emotional distress;
        b.)    Negligent hiring;
        c.)    Negligent retention;
        d.)    Negligent supervision; and
        e.)    Malfeasance in office.

54.

The excessive force and injury to Plaintiff were committed through gross acts and wanton negligence of Defendants as follows:

a.) Using excessive force despite the fact that Plaintiff was not a threat to anyone at the time he was attacked by CORMIER;
b.) Failing to control the situation without using excessive force;
c.) Employing improper police procedures when unnecessarily, violently, and aggressively slamming Plaintiff to the ground, tasing Plaintiff and otherwise escalating a controllable situation.
d.) Employing improper police procedures in their decision to use excessive force;
e.) Failing to do what they should have done and see what they should have seen to avoid the harm to Plaintiff;
f.) Second Degree Battery; and
g.) False Imprisonment.

56.

The CITY and the CHIEF are liable independently for their negligence in failing to monitor and properly approve of the hiring of officers with a history of mental problems or prior excessive abuse claims, properly train and supervise its officers, failing to establish a protocol for the internal investigation of police abuses, failing to monitor and discipline officers involved in excessive force claims.

57.

The CITY and the CHIEF subjected Plaintiff to these deprivations of his rights, either intentionally or maliciously, or by acting with a reckless disregard for whether Plaintiff's rights would be violated by their actions. Further, the individual Defendants had no reasonable basis for believing their conduct was lawful and, as such, are not entitled to qualified immunity.

58.

As a result of the above torts committed by Defendants, Plaintiff has suffered damages including: (1) the loss of liberty and freedom; (2) mental and emotional injury; (3) pain and suffering; and (4) any other special and general damages and expenses, in an amount to be proven at trial.

**Count IV: State Law Claims**
**(Defendant Brian Cormier)**

59.

The allegations of paragraphs 1 through 58 are incorporated herein by reference.

60.

The court's supplemental jurisdiction is hereby invoked pursuant to Section 1367 of Title 28 USC to assert the following causes of action.

61.

CORMIER is responsible and liable to Plaintiff for the damages he suffered as a result of CORMIER's actions and/or inactions pursuant to Louisiana Code of Civil Procedure Articles 2315, 2316 and 2317.

62.

The actions and/or inactions of CORMIER, constitute the state law torts of:

a.) Battery;
b.) Assault;
c.) False Imprisonment, and
d.) Intentional Infliction of Emotional Distress;

63.

As a result of above torts committed by CORMIER, Plaintiff has suffered damages including: (1) the loss of liberty and freedom; (2) mental and emotional injury; (3) pain and suffering; and (4) any other special and general damages and expenses, in an amount to be proven at trial.

## PERSONAL INJURIES

64.

The allegations of paragraphs 1 through 63 are incorporated herein by reference.

65.

The injuries sustained by Plaintiff were a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants and/or joint tortfeasor(s) and/or his/its/their or as principal(s), employer(s), agent(s), representative(s), servant(s), employee(s), associate(s), parent(s), subsidiary(s), lessor(s), lessee(s), insured(s), insured(s) and/or insurer(s) in violation of La. Civil Code Arts. 2315 et, seq. As a result of the sole, combined and/or solidary fault, vicarious liability, strict liability and/or negligence of Defendants, Plaintiff, suffered general damages, including but not limited to physical pain and suffering, mental anguish and/or distress,

fear, embarrassment, humiliation, past and future loss of income and/or lost wages, and other damages that will be shown at the trial hereof.

66.

Plaintiff, RANDALL ROMERO, respectfully represents that he is entitled to the following damages from Defendants who are liable (*in solido* or otherwise) as a result of the acts and misconduct alleged previously for:

a.) Past, present, and future mental pain, anguish, suffering and emotional distress;
b.) Past, present, and future physical pain and suffering;
c.) Past, present, and future loss of enjoyment of life;
d.) Past, present, and future medical expenses;
b.) The cost of this action, including attorney's fees; and
c.) Any other damages to be proven at trial of this matter.

WHEREFORE, Plaintiff, RANDALL ROMERO, prays that the defendants be served in accordance with law, with a certified copy of this petition and duly cited to answer same and that after legal delays and due proceedings are had, that there be Judgment in favor of RANDALL ROMERO against all Defendants jointly, severally, and/or *in solido*, in a sum sufficient to compensate Plaintiff for the following:

a.) Past, present, and future mental pain, anguish, suffering and emotional distress;
b.) Past, present, and future physical pain and suffering;
c.) Past, present, and future loss of enjoyment of life;
d.) Past, present, and future medical expenses;
e.) Compensatory damages as to all Defendants;
f.) Special damages as to all Defendants;
g.) Punitive damages as to all Defendants sued in their individual capacity;
h.) The cost of this action, including reasonable attorney's fees; and
i.) All other forms of relief provided by law or equity together with legal interest from the date of judicial demand until paid in full.
.
.

RESPECTFULLY SUBMITTED:

J. CLAY LEJEUNE
ATTORNEY AT LAW, L.L.C.,
d/b/a LEJEUNE & ASSOCIATES

/s/ Brian T. Langford

_____
J. CLAY LEJEUNE (No. 26068)
Brian T. Langford (No. 33933)
149-A James Comeaux Road
LAFAYETTE, LA 70508
337-484-1430
337-484-1439 (FAX)
clay@jclaylejeune.com
brian@jclaylejeune.com
*Attorneys for Randall Romero*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all known counsel of record via the Court's electronic filing system.

Lafayette, Louisiana, this 22nd day of November, 2023.

*/s/ Brian T. Langford*
Counsel for Plaintiff