UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **RANDALL ROMERO** | **CASE NO. 2:23-CV-01659** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CITY OF JENNINGS ET AL** | **MAGISTRATE JUDGE LEBLANC** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 6] filed under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5) by defendants Brian Cormier, the City of Jennings, and Danny Semmes. The motion is regarded as unopposed.

### I.
### BACKGROUND

Randall Romero ("Plaintiff") filed a Complaint with this court on November 22, 2023, alleging civil rights violations under 42 U.S.C § 1983 and causes of action arising under state law against The City of Jennings, Danny Semmes, and Brian Cormier ("Defendants"). On May 14, 2024, Defendants filed a motion to dismiss on the grounds of insufficient service of process and lack of personal jurisdiction. Defendants state that as of the date of filing their motion to dismiss, May 14, 2024, they had not received service of the Plaintiff's complaint or summons. Plaintiff has filed no opposition within the time set forth in the court's Notice of Motion Setting. Accordingly, the motion is regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Legal Standards

Federal Rule of Civil Procedure 4 provides the proper means of service for actions filed in federal court, and Rule 4(m) specifies that a complaint must be served on the opposing party within 90 days of its filing. Absent valid service of process, "proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Décor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981). Accordingly, Rule 12(b)(5) allows for dismissal of an action based on insufficient service of process. *Luv N' Care, Ltd. v. Groupo Rimar*, 2014 WL 6982499, at *3 (W.D. La. Dec. 9, 2014) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1353 (3d ed. 2013)). On such a motion, the serving party bears the burden of proof. *Aetna Bus. Credit*, 635 F.3d at 435.

The district court has broad discretion in determining whether to dismiss an action for insufficient service under Rule 12(b)(5). *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986). If the motion relates to plaintiff's failure to effect service within Rule 4(m)'s time limit, the court must extend the time to effect service for good cause shown. *Pugh v. Bank of America*, 2017 WL 1427015, at *1 (E.D. La. Apr. 21, 2017) (citing Fed. R. Civ. P. 4(m)). If there is no good cause shown, the court may at its discretion either dismiss the action without prejudice or grant an extension. *Id.* (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)).

### B. Application

Plaintiff's complaint was filed on November 22, 2023. At this point Plaintiff had 90 days to effect service on Defendants. Plaintiff did not effect service within this 90 day window. Plaintiff did not oppose Defendants' motion. No evidence was offered that service was made and no good cause was shown as to why service could not be made within 90 days. Therefore, this court has the discretion to dismiss this action. This motion inures to the benefit of placeholder defendant ABC Insurance Company and so all claims in this matter will be dismissed. The court does not reach the parties' arguments on personal jurisdiction.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 6] will be **GRANTED** and the matter will be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 12(b)(5).

**THUS DONE AND SIGNED** in Chambers on the 10th day of June, 2024.

*[Signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**